4 309
35 287

[No. 375. Decided May 12, 1892.]

GEORGE W. DOWNS, *Appellant*, v. THE BOARD OF DIRECTORS OF SCHOOL DISTRICT No. 1, JEFFERSON COUNTY, *et al., Respondents.*

SCHOOL DISTRICTS—SERVICE OF PROCESS.

Under Code Proc., § 173, in order to obtain jurisdiction of a school district, service of process must be had on the clerk of the district, service upon an individual member of the board of directors not being sufficient.

Although a defendant may acknowledge in writing the service of process upon him, a court will not take judicial notice of his signature, and, in the absence of any appearance by him, proof must be made of its genuineness.

*Appeal from Superior Court, Jefferson County.*

The facts are stated in the opinion.

*W. S. Bush,* and *Robertson & Jennings,* for appellant.
*Tyler, Hays & Tyler,* for respondents.

The opinion of the court was delivered by

Scott, J.—This action was brought to enjoin the issuance of certain bonds, which had been authorized by a vote of the school district.    There was no attempt to obtain jurisdiction of the school district by a service of process upon the clerk, as is provided  by § 173 of  the Code of Procedure.    The persons named as defendants constituted the board of directors.    Service was  made upon one of said persons by the sheriff of said county, and an indorsement appears upon the complaint to the effect that another one, Charles A. Dyer, accepted  service  thereof, which acceptance purported  to  be  signed  by the  said  Charles A. Dyer.    There was no appearance upon the part of the respondents  in  said  action  at any time.    The  question is raised that the school district is a necessary party defendant, and that the court had no jurisdiction in the premises by reason of  the failure to serve process upon the district clerk; and it is further  contended  that  the  court had no jurisdiction of the board of directors, the service having been made by the sheriff only upon one of its members, and there having been no proof of the signature of the said Charles A. Dyer to the acknowledgment of service, and no purported  service  upon  the  other  defendant.    It is not contended that there was any proof made of the genuineness of the signature.    This objection was well taken.    A defendant may admit service of process upon him, but it is well settled that the court will not take judicial notice of his signature, and, in  the  absence of  any  appearance by him proof must be made of its genuineness.

The court in this case denied the injunction, and the plaintiff appealed.    We are of the opinion that the court

obtained no jurisdiction in the premises, and for that reason its judgment denying the plaintiff any relief is affirmed.

ANDERS, C. J., and STILES, DUNBAR and HOYT, JJ., concur.