[No. 6339. Decided December 7, 1906.]

## Geneva L. Carr et al., Respondents, v. Paula Cohn, Appellant.[1]

Parties—Trusts—Actions—Real Party in Interest—Quieting Title. A person to whom a deed of land is conveyed without consideration, to hold the title for the grantors, is a trustee of an express trust, within Bal. Code, § 4828, and may sue to quiet title without joining the real owners.

Appeal—Review—Findings. Findings of the trial court upon conflicting evidence, depending upon the credibility of the witnesses, will not be disturbed on appeal where the supreme court is unable to say that the findings are erroneous.

Appeal from a judgment of the superior court for King county, Griffin, J., entered May 14, 1906, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*Richard Saxe Jones*, for appellant.

*Crary & Ogden* and *J. B. Alexander*, for respondents.

Root, J.—This is an action brought by respondents to quiet title to certain land in King county. From a judgment in their favor this appeal is prosecuted.

The material facts are about as follows: The land in question was owned by one Thomas H. Clancy and wife. They made a deed of the same, without consideration, to respondent Geneva L. Carr, a sister of said Clancy. Said re-

[1]Reported in 87 Pac. 926.

spondent was to merely hold the title to the property for the benefit of Clancy and wife, and convey the same to whomsoever they might direct. Before this conveyance, Clancy and wife had executed a mortgage to one Grunbaum, who received the same as secretary of the Northern Liquor Company. This mortgage was to secure $1,287 due said liquor company, and $300 due to said Grunbaum. The mortgage was duly recorded in the office of the county auditor. Thereafter some negotiations were had with appellant relative to assigning said note and mortgage to her as security for a loan to the Northern Liquor Company of $1,500. She claims she had theretofore made such a loan and advanced the money to the president of the company, one Rosenthal, who was her brother-in-law. Rosenthal testifies that he received said money as such officer of the company, and that the same was used for its use and benefit. Grunbaum, the secretary, and one Quient, a bookkeeper of the liquor company, both denied this in their testimony. A written assignment was made of the mortgage to appellant, and this assignment was filed for record in the office of the county auditor, at the request of Quient for Rosenthal, but instead of being indexed in the name of Grunbaum, it appeared in the index as "Greenbaum," and, by reason of the arrangement of said indices, the name occurred on a different page from where it would have appeared had it been indexed correctly. The note was endorsed by Grunbaum, but the endorsement was subsequently erased. Appellant claims that the note and mortgage and assignment thereof were delivered to Rosenthal to be.kept for her, and that the same in some manner, unknown to her, found their way into the hands of Grunbaum. The latter and Quient say that the negotiations for the loan were never consummated; that the assignment was made out and executed, but was not intended to be effective until the money was received, at which time the assignment, note and mortgage were all to be delivered; that,

never having received the money, the liquor company never delivered the note and mortgage, and did not know that the assignment of mortgage had been delivered. Grunbaum swears that he kept the note in his possession always, with the exception of a short time when he was sick and Quient held it.

After all these transactions, Clancy and wife paid the amount due upon the note and mortgage to Grunbaum, and the latter acknowledged satisfaction and had the mortgage cancelled of record. In the meantime the liquor company had gone into the hands of a trustee, Grunbaum being such trustee. Clancy and wife claimed that they knew nothing about appellant having loaned any money, nor about an assignment of the note or mortgage, or of the latter being of record; and it is urged by respondents herein that, by reason of the incorrect indexing of the assignment of mortgage, the record thereof was no notice whatever to said mortgagors, or to any one, of the existence of said assignment.

At the threshold of the case appellant insists that this action cannot be maintained by respondents, for the reason that they are not the real parties in interest. We think this contention cannot be upheld. Bal. Code, § 4825 (P. C. § 253), is as follows:

"An executor or administrator, or guardian of a minor or person of unsound mind, a trustee of an express trust, or a person authorized by statute, may sue without joining the person for whose benefit the suit is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom or in whose name a contract is made for the benefit of another."

We think that these respondents were trustees of and for Clancy and wife within the meaning of this statute, and are consequently authorized to maintain an action of this character.

A question as to the sufficiency and effect of the recording and indexing of said assignment of mortgage is pre-

sented, together with other questions; but in view of our conclusion upon the question of the making of a loan, it becomes unnecessary to pass upon these questions. From the foregoing statement it will be observed that the question of first importance is as to whether appellant made the loan as she claims. Upon this issue the evidence is flatly and irreconcilably conflicting, and mostly very unsatisfactory on both sides. The trial court found that appellant never made any loan. There is sufficient evidence, if believed, to support this finding. There is sufficient evidence, if believed, to support appellant's contention. It is a question of credibility of witnesses. We are not in as good a position as the trial court to judge of this. After a careful examination and consideration of all of the evidence, we are unable to say that the trial court reached an erroneous conclusion, or to satisfactorily arrive at one different. This being true, it follows that the judgment and decree of that court should be affirmed, and it is so ordered.

MOUNT, C. J., RUDKIN, FULLERTON, HADLEY, DUNBAR, and CROW, JJ., concur.