[No. 8336. Department Two. February 11, 1910.]

ELSA ELIZABETH MERZ et al., Respondents, v. THERESA
MEHNER et al., Appellants.[1]

PARTIES—DEFENDANTS—TRUSTEES—GUARDIANS—MECHANICS' LIENS.
Under Rem. & Bal. Code, § 180, authorizing the trustee of an express
trust to sue without joining the cestui que trust, the guardian of
infants, to whom a deed was made as trustee without limitations,
may be sued as the holder of the legal title, without joining the infants, in an action to foreclose a mechanics' lien.

JUDGMENT—COLLATERAL ATTACK — SERVICE — PROOF — BURDEN OF
PROOF. In a collateral attack upon a judgment for want of service
of process, it is immaterial that there was no proper proof of the
genuineness of the defendant's written admission of service, where
the court found that personal service was made, the burden being
upon defendant to establish want of service, and not want of proper
proof of service.

Appeal from a judgment of the superior court for Kitsap
county, Frater, J., entered January 6, 1909, upon findings
in favor of the plaintiffs, in an action to quiet title and for
partition, after a trial on the merits. Reversed.

J. W. Bryan, for appellants.

B. B. Crawford, for respondents.

DUNBAR, J.—It is difficult to make a condensed statement
of this case; but, as nearly as we can gather its history from
the somewhat confused record which is presented, the controversy is over the disposition of certain real property involved in a divorce proceeding between Anna Merz and her

[1]Reported in 106 Pac. 1118.

then husband L. C. Merz. Certain property, including the property in question, was awarded to Anna Merz on condition that she deed a one-half interest in lots 12, 13, and 14, of block 1, of Bremerton, to the minor heirs of herself and L. C. Merz. There are other conditions imposed which are not involved in this case. In accordance with this order, a trust deed to E. B. Benson, who had been appointed guardian of the minor children, was executed for the one-half interest in the lots aforesaid. Afterwards certain liens were prosecuted against the property in question, for materials and labor furnished on the same. On these, judgments were obtained which went to execution, and the property was sold to satisfy them. The appellants' title is derived from the purchasers at the sheriff's sale under these lien judgments, and from a warranty deed from Anna Merz. The title in the Merzes at the time of the divorce proceedings is not questioned. Various suits were commenced but, being with reference to the same property and the same issues, they were consolidated and tried together, the plaintiffs in this case being the heirs above mentioned, by B. B. Crawford, their guardian *ad litem*, and the defendants being Theresa Mehner *et al.*, the appellants here.

As we view it, the material, allegation of the complaint is that the decree in the lien foreclosure cases and the sale thereunder were void, so far as the plaintiffs are concerned, for the reason that the court did not acquire jurisdiction of the plaintiffs or their interest in said property, by the service of summons and complaint, as required by law. Some other objections were made to the lien notices, but it is not contended that they were jurisdictional, and of course they were cured by the judgment, even conceding—which we do not— that they were in any way objectionable. The prayer of the complaint was, that the deeds aforesaid be declared void; that the title to the one-half interest be confirmed in the plaintiffs, and that the plaintiffs have judgment for an accounting and partition and division of the premises, or in

the alternative for a sale of the premises and a division of
the proceeds. Issues were presented and the case tried and,
after voluminous findings of fact, including the foreclosure
sale as above mentioned, the court concluded that the afore-
said sales were made without jurisdiction and were therefore
void, and that therefore the interest of the plaintiffs was never
divested, and a decree was entered confirming their title as
prayed for, with other minor directions in regard to the
disposition of the estate.

The respondents insist that the only and real question in-
volved herein is whether a litigant in a divorce case can se-
cure the awarding to her of certain property by making
promises to the trial court to give her minor children half of
either the property or the proceeds thereof, and after se-
curing the possession of the same and appropriating the
entire income as long as possible, manipulate matters so as
to deprive the minor children of their entire interest in the
property in bold and open fraud of the court. That might
be a real question in a case properly brought by heirs against
the mother, but certainly the real question in this case is, what
are the rights of the purchasers at the foreclosure sale, or of
their grantees. Passing the consideration of the demurrer
interposed to the complaint, for the reason that it will prob-
ably expedite the final adjustment of the trouble involved by
deciding the case upon the merits, the whole contention that
the same was void is based upon the finding that in the fore-
closure suit the signature of Benson, the guardian, who ac-
cepted service upon the back of the summons and complaint,
was not proven to be genuine and that there was no other
service made upon the minor heirs, and that service upon
Benson was not sufficient in any event. It must be borne in
mind that, under the terms of the deed to Benson as trustee
without any limitations, he was constituted a trustee of an
express trust. The legal title to the land conveyed was in
him, and under the express provisions of our statute, Rem. &
Bal. Code, § 180, he is authorized to sue without joining the

person for whose benefit the suit is prosecuted. If that is true, it necessarily follows that he could be sued as a representative of the *cestui que trust*. *Carr v. Cohn*, 44 Wash. 586, 87 Pac. 926; *Doe v. Tenino Coal & Iron Co.*, 43 Wash. 523, 86 Pac. 938.

But, conceding him to be a proper person to make service upon, the contention is that, while he accepted service on the back of the summons, there was no proof of the genuineness of his signature; and *Downs v. Board of Directors School Dist. No. 1*, 4 Wash. 309, 30 Pac. 147, is relied on to sustain the contention that such proof was necessary to give the court jurisdiction. But that was where the case came up on appeal from the refusal of the court to enter the judgment demanded, the court holding that there had been no proof of service. But this is a collateral attack upon a judgment, collateral at least in the sense that the judgment is attacked in a separate action and not on appeal, and therefore such judgment imports verity. This rule is so well established in this jurisdiction that the citation of authorities is not called for. It is doubtless true that, even in such a case, the right to assail the verity of a judgment by an affirmative showing that the service was not actually made is still available, the burden of proof being upon the party alleging the invalidity of the judgment. But there is a wide difference between an attempt to prove that no service had been made and an attempt to prove that there had not been proper proof of such service. That was all that was attempted in this case, and such proof would not be admissible, under the authorities, for the purpose of overcoming the verity which the judgment imports. In fact, in this case the court found the essential thing, viz., that the service of the summons and complaint was actually made upon E. B. Benson, guardian of the estate of said minors, by having the said E. B. Benson accept service of same upon the back thereof in writing, but further found that no affidavit of the service of the summons and complaint upon the said Benson had been filed in said cause. So that

it will be seen that the controversy that is raised over this question is not a controversy as to whether service had been made. We think the contention that the court acted without jurisdiction is not tenable, and that the court erred in so finding. It follows that the defendants' title to lots 13 and 14 should not be disturbed.

But the title to the one-half interest in lot 12 is not involved in any foreclosure proceeding, and we are not impressed with the contention of the mother, Anna Merz, that she was in duress when she made the trust deed to Benson of the one-half interest in lot 12, or that she was so ignorant of her rights in the premises that the deed was induced by fraud. So far as the title to the one-half interest in lot 12 is concerned, it will remain in the respondents. This division of the property will necessitate an accounting to determine what portion of the rents and profits the respondents are entitled to. There are not sufficient data in the record upon which this court can intelligently base a judgment upon that question.

The judgment will be reversed, and the cause remanded with instructions to determine the just proportion of the rents and profits due the heirs, and to enter judgment accordingly. The appellants will recover costs in this court.

RUDKIN, C. J., PARKER, MOUNT, and CROW, JJ., concur.