[No. 9767. Department Two. February 6, 1912.]

ELSA ANNA MERZ et al., Appellants, v. THERESA MEHNER et al., Respondents.[1]

TENANCY IN COMMON — RIGHTS AND REMEDIES — QUIETING TITLE. The purchasers of the whole title from a purchaser at a foreclosure sale are not tenants in common of parties to the suit who claimed the right of redemption or an interest which was cut off by the foreclosure sale subject to redemption, and such parties cannot recover an interest as tenants in common, having made no redemption.

MORTGAGES—FORECLOSURE—SALES—TITLE. A mortgage foreclosure sale conveys the whole title subject to redemption with right to possession and rents.

JUDGMENT—BAR—MATTERS CONCLUDED. A judgment quieting title against claims by infants alleging want of jurisdiction to render judgment of foreclosure, is res judicata and a bar to a subsequent action seeking to quiet title to the same lands by reason of defendants' collusive agreement with a judgment creditor as to redemption and failure to redeem from the foreclosure sale for plaintiff's benefit.

[1]Reported in 120 Pac. 893.

MORTGAGES—FORECLOSURE—SALES—REDEMPTION. A redemption by one who is not a tenant in common or co-owner does not inure to the benefit of others claiming an interest which was sold subject to redemption.

Appeal from a judgment of the superior court for King county, Tallman, J., entered May 17, 1911, in favor of the defendants upon the pleadings, dismissing an action to quiet title. Affirmed.

*John H. Allen,* for appellants.

*J. W. Bryan,* for respondents.

MOUNT, J.—In this case the lower court sustained a motion of the defendants for a judgment on the pleadings, and dismissed the action. The plaintiffs have appealed.

It appears from the record in the case that, in the year 1906, Anna Merz, the mother of the plaintiffs, and these plaintiffs were joint owners of lots 13 and 14, block 1, of the town of Bremerton. These lots were incumbered by a mortgage and certain mechanics' liens, all of which were afterwards foreclosed, and the property was sold on March 9, 1907, to satisfy the judgments. On April 17, 1907, the defendants purchased the lots from the purchasers at the sheriff's sale. On the same day Anna Merz, the mother of the plaintiffs, conveyed all her interest in the lots to these defendants. Afterwards, in the year 1907, the plaintiffs, through their guardian, brought an action against these defendants and others interested, to set aside the decree of foreclosure and to quiet title of the property in themselves. That action resulted in a judgment quieting title to the lots now in question in the defendants. See *Merz v. Mehner,* 57 Wash. 324, 106 Pac. 1118.

Afterwards, this action was begun by the plaintiffs, claiming an undivided one-half interest in the lots. The complaint alleges that, in April, 1907, the mother of the plaintiffs conveyed an undivided one-half interest in the lots to the defendants, who have ever since been co-owners and joint ten-

ants with the plaintiffs; that the property was improved and
the income therefrom amounted to $120 per month, which
greatly exceeded the expenses; that on the 17th day of April,
1907, the defendants, for the purpose of defrauding the plain-
tiffs, entered into an agreement with a judgment creditor, to
the effect that such judgment creditor should redeem the
property from a prior sale, and that defendants would not
redeem the property for the benefit of themselves and the
plaintiffs, but would allow the period of redemption to ex-
pire and permit such judgment creditor to secure a deed
from the sheriff, and when such deed was delivered such judg-
ment creditor should deed the lots to the defendants for a
consideration equalling the amount of such creditor's judg-
ment; that this sum was less than $1,000; that, notwith-
standing the defendants were indebted to the plaintiffs on
account of the rents received from the property in excess of
the amount necessary to redeem, the defendants permitted
the said judgment creditor to redeem in accordance with the
above stated agreement, and subsequently took a deed in
their own names.

It is at once apparent that the plaintiffs rely upon the al-
leged fact that they are tenants in common or co-owners
with the defendants.    But it is also apparent from the whole
record, which is set up in the answer and not denied, that
the plaintiffs and defendants are not and never have been co-
owners or tenants in common.    Defendants purchased the
lots of a purchaser at the foreclosure sale.    They purchased
the whole interest of the minors, as well as the mother and
others who were parties in those actions and who were then
owners.    At the time of the purchase, there were no fidu-
ciary relations existing between the plaintiffs and the de-
fendants.    The defendants up to that time were strangers to
the title.    They merely purchased from the purchaser at
foreclosure sale, and took his interest subject to redemption
by the parties to the action, and other statutory redemp-
tioners.    They also acquired the title to all of the interest of

Anna Merz, the mother of these plaintiffs. If the agreement was made as alleged, it did not affect the rights of the plaintiffs.

It was held in *Merz v. Mehner, supra,* that the service in the foreclosure action was good as against these plaintiffs. The sale under the foreclosure, of course, conveyed the whole title subject to redemption. The right of possession and the rents passed also to the purchasers. Rem. & Bal. Code, § 602. The other case, *Merz v. Mehner,* is conclusive of the questions there presented, or which might have been presented. The record here shows that the plaintiffs themselves have not redeemed their interest in the property from the foreclosure sales. The redemption of the defendants did not inure to the benefit of the plaintiffs, because the plaintiffs were not tenants in common or co-owners with the defendants.

The judgment is affirmed.

DUNBAR, C. J., MORRIS, and ELLIS, JJ., concur.