[No. 12739.  Department One.  January 28, 1916.]

WILLIAM B. RITCHIE, *Trustee, Respondent,* v.
VICTORIA L. TRUMBULL *et al., Appellants.*[1]

PARTIES — PLAINTIFFS — TRUSTEE OF EXPRESS TRUST — QUIETING TITLE. A trustee of an express trust may maintain an action to quiet title in his own name without joining the *cestui que trust.*

QUIETING TITLE—PARTIES—TRUSTEE OF EXPRESS TRUST—IDENTITY OF CESTUE QUE TRUST. In an action to quiet title, brought by a trustee of an express trust against parties claiming through his grantor, the identity of the *cestuis que trustent* is immaterial, as long as the grantor was not the beneficiary of the trust.

COURTS—PROBATE COURTS—JURISDICTION—ESTATE HELD IN TRUST—CONVEYANCES. The probate court has jurisdiction to authorize the administratrix to convey property held in trust by the decedent, title to which was disclaimed by the estate.

CORPORATIONS—CONTRACTS—REPRESENTATION—CONVEYANCE TO OFFICERS—TITLE. Where an insolvent railroad company conveyed tide lands, held under contract of purchase from the state, to its trustees, under an agreement that they should pay the installments falling due, which the company could not pay, and should hold the land, unless the company repurchased the same within three years, which it failed to do, the title vested in the trustees, as against one succeeding to all the other interests of the company with full notice of the prior conveyance.

CHADWICK, J., dissents.

Appeal from a judgment of the superior court for Clallam county, Ralston, J., entered June 3, 1914, upon findings in favor of the plaintiff, in an action to quiet title, tried to the court. Affirmed.

*Thomas F. Trumbull* and *Ballinger & Hutson,* for appellants.

*William B. Ritchie* and *Fletcher & Evans* (*Robert B. Walkinshaw,* of counsel), for respondent.

MOUNT, J.—This action was brought to quiet title to certain tide land lots in front of the city of Port Angeles, in Clallam county.

[1]Reported in 154 Pac. 816.

The plaintiff sues as trustee, alleging that he is the trustee for F. H. Carlisle, Flora E. Craig, Charles B. Smith, W. F. Delabarre, F. B. Carlisle, and Rachel Newman; that, as such trustee, the record title of the real estate described is vested in him; that he owns and holds the same in trust for the above named persons; that the lands are tide lands; that the plaintiff and his grantors have paid the taxes and assessments against the same since the year 1900. The plaintiff also alleges that the defendants claim some interest in the lands, but that the same is wrongful and not of right.

The defendants, for answer to the complaint, admit the character and description of the lands, and deny all the other allegations of the complaint; and as an affirmative defense, allege: That in December, 1912, the property was sold under a judgment obtained by John Trumbull against the Port Angeles & Eastern Railroad Company, and that the defendants purchased the lands under that judgment, and claim title thereunder.

The reply admits the alleged death of John Trumbull, who obtained the judgment, but denies all the other allegations of the affirmative answer. Upon these issues, the case was tried to the court without a jury. Findings were made in favor of the plaintiff. A decree was entered quieting the title in the plaintiff. The defendants have appealed.

The principal facts in the case are not in dispute. They are record facts. It is admitted that the Port Angeles & Eastern Railroad Company, through its treasurer, Arthur Shute, on September 1, 1899, entered into several contracts with the state of Washington to purchase the lands described in the complaint, and other lands. These contracts provided for annual payments extending over a period of eight years. The amount due upon the contracts each year was $800, and interest. The railroad company made the first payment upon the contracts. Thereafter, and two days before the next payment became due, when the state could forfeit the contracts if the payment was not made, the con-

tracts, fifteen of them, were assigned by the railroad company to David W. Craig, as trustee. The consideration named in the assignment was one dollar. These assignments were acknowledge before John Trumbull, since deceased, who was then a notary public. When these assignments were submitted to the commissioner of public lands of the state, he refused to approve them unless the parties for whom the land was held were named. Thereupon Mr. Craig, the trustee, to whom the assignments had been made, wrote a letter to the commissioner of lands of the state, saying:

"A party comprising the following gentlemen have purchased the interest in these lands held by the P. A. E. R. R., and with their holdings intend forming a terminal company in the future: Arthur Newman, F. H. Carlisle, C. Vey Holman, Fred A. Cooke, Lemuel Pope, and David W. Craig. They have appointed me as their trustee."

Thereupon the commissioner of public lands approved the assignments. Thereafter David W. Craig caused to be paid each year the taxes, interest, and principal due upon the contracts until the same were fully paid. The money to make these payments was furnished by Mr. Craig and his associates.

Thereafter, on May 9, 1907, the state executed deeds to David W. Craig, trustee, for the real estate covered by the contracts. In the year 1906, the railroad company, then being insolvent and probably insolvent at the time the assignments of the contracts above stated were made, executed quitclaim deeds to Mr. Trumbull for all the lands it then owned, which were held in trust by one James Stuart. It also made a bill of sale of all its office furniture and fixtures to Mr. Trumbull. Mr. Trumbull was then attorney for the railroad company. After the trustee above named had acquired title from the state, sales of some of the lands were made to other parties, and deeds were executed by the trustee.

In February, 1912, Mr. Craig died, his estate was probated, and Flora E. Craig, his wife, was appointed as ad-

ministratrix thereof.  In that estate she presented a petition to the superior court stating, in substance, that the property now in suit was held by David W. Craig, in trust for the persons named in the complaint in this case as beneficiaries; that Mr. Craig had no interest therein.  She asked for the appointment of the plaintiff as trustee to hold the property instead of the deceased.  At the same time, powers of attorney from persons claiming to be *cestuis que trustent* were filed authorizing the appointment of the plaintiff, William B. Ritchie, to act as trustee.  Thereupon the superior court made an order directing the administratrix to execute a deed of the property to the plaintiff as trustee.  A deed was subsequently executed.

Thereafter, on December 12, 1912, John Trumbull took a default judgment against the Port Angeles & Eastern Railroad Company in the sum of $19,918.25, and costs.  An execution was issued upon that judgment, and levied upon the tide lands now in dispute.  They were sold at sheriff's sale and bid in by the defendants, heirs of John Trumbull. On the 24th day of February, 1914, a sheriff's deed was issued to the defendants.

These facts are all admitted in the case.  It is plain, we think, that the legal title to this property rests in the plaintiff.  His title is deducible of record from the state of Washington.  It is argued by the appellants that the beneficiaries of the trust are not the same as the beneficiaries mentioned in the letter from Mr. Craig to the commissioner of public lands; and that, therefore, it was error for the trial court to receive in evidence the contracts made by the state for the sale of the lands with the assignments thereon.  There is no merit in this contention, because it was not necessary for the *cestuis que trustent* to be made parties to the action.

The statute provides, and this court has held, that the trustee of an express trust may maintain an action in his own name.  *Carr v. Cohn*, 44 Wash. 586, 87 Pac. 926.  It is of no importance to the appellants who the beneficiaries of

the trust are, so long as the beneficiary is not the railroad company, through whom they necessarily must claim.

The appellants also argue that the court erred in receiving in evidence the probate record wherein the court ordered Mrs. Craig, the wife of the deceased trustee and the administratrix of his estate, to execute a deed to the respondent in this action. If we understand the contention, it is that the probate court had no jurisdiction to authorize the administratrix to make such a deed. This court has held that the probate court has power to determine all matters necessary to the due administration of an estate; and it certainly has authority to authorize the administratrix to convey property held in trust. In *In re Martin's Estate*, 82 Wash. 226, 144 Pac. 42, after referring to the case of *State ex rel. Keasal v. Superior Court*, 76 Wash. 291, 136 Pac. 147, and other cases, we said:

"Under the rule of these cases, it is clear that a superior court in a probate proceeding can exercise all of the powers of a court of general jurisdiction. It has power in such a proceeding to determine every matter necessary to the due administration of an estate, and it is its duty to do so, when such matters are properly presented for its consideration."

We are satisfied, therefore, that the superior court had jurisdiction to authorize the making of the deed, and that the deed from the administratrix to the respondent conveyed whatever interest the deceased, as trustee, had. The respondent, as his successor, therefore stands in the same position as the original trustee. It is plain, therefore, that the plaintiff in this case holds the legal title from the state of Washington to himself, subject to the trust.

Before the appellants in this case can prevail, it is necessary for them to show that the Port Angeles & Eastern Railroad Company had some interest in the property at the time of the sale under the judgment of John Trumbull against that company. The appellants attempt to show this

by arguing that the original trustees were officers of the railroad company; that there was no consideration paid for the assignment from the railroad company to David W. Craig. It is true that the original trustees were officers of the railroad company. It is probably true that the railroad company at that time was insolvent. But we think the record fairly shows that, at the time of the assignment, the second installment of the purchase price for the lands due the state would be due within two days, and the railroad company had no money with which to continue the contracts. And the evidence fairly shows, also, that, at that time, the railroad company entered into a contract with these officers to the effect that these officers would make payments becoming due; that the railroad company would repurchase the property by paying the amount which those officers had advanced, and that if repurchase was not made within three years, then the rights of the railroad company would be forfeited. There is no evidence that the railroad company retained any other interest in these contracts. Six years later the railroad company conveyed all its real estate and personal property to John Trumbull, and did not include therein any of the lands in these contracts. John Trumbull was then the attorney for the railroad company. He, as a notary public, had taken the acknowledgments of the assignments of the contracts by the railroad company for the lands in dispute, and we have no doubt knew all the circumstances of that transfer. There is no claim made that the railroad company, or any one for it, repurchased the lands, or offered to do so.

We are satisfied, from a review of all the facts in the case, that the railroad company had no title to, or interest in, the lands in dispute at the time the judgment of Mr. Trumbull was levied upon these lands. If the railroad company had no interest, then, of course, a sale under that judgment would convey no interest to the purchaser. We are satisfied

that the respondent holds both the legal and equitable title, and that the trial court arrived at a correct conclusion.

The judgment is therefore affirmed.

MORRIS, C. J., FULLERTON, and ELLIS, JJ., concur.

CHADWICK, J. (dissenting)—The equitable title to the land was in the railroad company and passed under the execution sale to appellants. The railroad company could have asserted its right at any time. The deed to respondent and the powers of attorney gave him no interest, for the parties had no personal interest to convey or protect. Craig was trustee for the railroad company; not for the other parties. They were all trustees in equity for the railroad company, and not *cestuis que trustent*, as is held by the majority.

For these reasons, I dissent.