[No. 28336.  Department One.  October 31, 1941.]

FRED EICHNER, *as Trustee, Appellant,* v. W. S. CAHILL
*et al., Respondents.*[1]

*Fred M. Bond* and *Meier & Meagher,* for appellant.

DRIVER, J.—Plaintiff, who was designated in the caption of the complaint as "Fred Eichner, Trustee," brought this action to recover rental claimed to be due from the defendants under a written lease of real property.

After issue had been joined by the pleadings, the cause came on for trial before the court.  Defendants objected to the introduction of any evidence and moved for dismissal on the ground that the plaintiff was not the real party in interest.  The motion was denied. The only testimony in the record is that of plaintiff in his own behalf.  He testified that he was the owner of the real property in question, and he identified the

[1]Reported in 118 P. (2d) 419.

written lease, which was then admitted in evidence. In the body of the instrument, plaintiff was termed "Fred Eichner, Trustee," but his signature thereto as lessor was merely "Fred Eichner," without the appendant "Trustee."

On cross-examination, it was disclosed that the plaintiff had taken title to the real property by a deed without the payment by him of any consideration therefor; that the deed was given, as recited therein, "in full satisfaction and settlement" of a mortgage held by a number of heirs of a certain decedent; and that the plaintiff was the holder of the bare legal title, as trustee, in trust for such heirs. The plaintiff moved that "the word 'Trustee' be stricken out in this suit," and that he be permitted to proceed with the action "as an individual owner," but the motion was denied. At the conclusion of his cross-examination, the defendants, in effect, renewed their motion for dismissal, and the court indicated that the motion would be granted unless the plaintiff, within ten days, filed an amended complaint "naming the proper parties." The plaintiff then requested leave to make a trial amendment "by adding the names of these parties here to the complaint," but the court adhered to its ruling. The plaintiff did not amend his complaint, and, after more than ten days had expired, an order of dismissal was entered. Plaintiff appealed.

Rem. Rev. Stat., § 179 [P. C. § 8255], provides:

"Every action shall be prosecuted in the name of the real party in interest, *except as is otherwise provided by law.*" (Italics ours.)

The very next section, Rem. Rev. Stat., § 180 [P. C. § 8256], constitutes an exception "otherwise provided by law." It reads:

"An executor or administrator, or guardian of a minor or person of unsound mind, *a trustee of an ex-*

*press trust,* or a person authorized by statute, may sue without joining the person for whose benefit the suit is prosecuted. *A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom or in whose name a contract is made for the benefit of another."* (Italics ours.)

Construing these two sections in *Goodfellow v. First Nat. Bank,* 71 Wash. 554, 557, 129 Pac. 90, 44 L. R. A. (N. S.) 580, this court said:

"The first contention of the appellant is that the plaintiff has no legal capacity to sue, for the reason that the suit was not brought in the name of the real party in interest. In support of this contention, the appellant cites Rem. & Bal. Code, § 179, which provides: 'Every action shall be prosecuted in the name of the real party in interest, except as otherwise provided by law.' But the succeeding section, 180, provides, among other things, that a 'trustee of an express trust may sue without joining the person for whose benefit the suit is prosecuted,' and then defines what a trustee of an express trust is within the meaning of this section. Such definition is as follows: 'A trustee of an express trust within the meaning of this section shall be con-strued to include a person with whom or in whose name a contract is made for the benefit of another.' The right of the appellant to bring the action in his own name, under § 180 of the code, is amply supported by authority."

In the instant case, the appellant was the trustee of an express trust within the purview of the statute, § 180, and he was authorized to prosecute the action in his own name without joining the *cestuis que trustent* as parties. *Carr v. Cohn,* 44 Wash. 586, 87 Pac. 926; *Ritchie v. Trumbull,* 89 Wash. 389, 154 Pac. 816; *Seattle Trust Co. v. Morgan,* 167 Wash. 567, 9 P. (2d) 1079; *Townsend v. Rosenbaum,* 187 Wash. 372, 60 P. (2d) 251. In *Carr v. Cohn,* we held that a person to whom land had been conveyed without consideration, in order that he might hold it for the grantors, was

the trustee of an express trust within the meaning of this section, and was authorized to maintain an action to quiet title without joining the real owners as parties.

The cited cases are in accord with a well-settled rule which is stated in 21 R. C. L. 488, § 52, as follows:

"It is a general rule that an action should be brought in the name of the real party in interest, except where the statute has otherwise provided; and this was formerly the rule in equity. But it is an exception to the general rule, almost if not quite universal in its recognition, that trustees are entitled to bring suits as such in their own names, without joining or naming the cestui que trust. Accordingly, an action may be brought in the name of a party who has no interest, if there is a cause of action, and he appears to have the legal title."

To much the same effect, see 47 C. J. 37, Parties § 72.

There is a very enlightening discussion by the court of appeals of New York in the early case of *Considerant v. Brisbane*, 22 N. Y. 389, 394, as to the reason for the enactment and the meaning and effect of a section of the code of that state, which was the same as our statute (Rem. Rev. Stat., § 180). The lucid reasoning of the opinion is squarely applicable to the instant case. The New York court, after pointing out that the code had abrogated the common-law rule under which the right of action followed the legal title and had made the beneficial interest the sole test of the right (see Rem. Rev. Stat., § 179, *supra*), said:

"In adopting the latter rule, it was easily to be seen that there were a class of cases in which it would be extremely prejudicial to the remedy, as well as difficult of application, viz., the case of executors, persons authorized by statute to sue, and trustees of an express trust. To obviate this, it was specially provided that, in these cases, the executor, or statutory party, or trustee of an express trust, might sue without joining with him the person for whose benefit the action was prosecuted. (Code, § 113.) The term, 'trustee of an

express trust,' had, however, acquired a technical and statutory meaning. Express trusts, at least up to the adoption of the Revised Statutes, were defined to be trusts created by the direct and positive acts of the parties by some writing, or deed, or will; and the Revised Statutes had abolished all express trusts, except as therein enumerated, which related to land. If the 113th section of the Code was to be confined and limited to those enumerated as express trusts, the practical inconvenience arising from making the beneficial interest the sole test of the right to sue, and which that section was intended to obviate, would continue to exist in a large class of formal and informal trusts. Accordingly, in 1851, the section was amended by adding the provision that 'a trustee of an express trust, within the meaning of the section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another.' It is to be observed that there is no attempt to define the meaning of the term 'trustee of an express trust,' in its general sense; but the statutory declaration is, that those words 'shall be construed *to include* a person with whom, or in whose name, a *contract* is made for the benefit of another.'  .  .  .

"It is intended, manifestly, to embrace, not only formal trusts, declared by deed *inter partes*, but all cases in which a person, acting in behalf of a third party, enters into a written, express contract with another, either in his individual name, without description, or in his own name, expressly in trust for, or on behalf of, or for the benefit of, another, by whatever form of expression such trust may be declared.  .  .  . The court below assumed the ground that, where the promisee, though named in the contract, was mentioned only in respect of his official or representative character, and not as promisee individually, the promise would not be deemed made to him; and, hence, such a case would not be embraced within section 113. This cannot be the true construction of the statute. If the promise be to a person described as agent, and it appears upon the face of the writing, expressly or by implication, that it was made for the benefit of another, it is within the intention, and, I think, the terms, of the

enactment. It could hardly have been the intention, as contended for by the counsel of the respondent, to include a contract which did not, on the face of it, in terms or by implication, declare or disclose a trust, in the category of 'express trusts'; whilst one, expressing the trust on its face, was to be excluded. The obvious policy of the legislature was to reserve the right of action in all cases of express trusts, whether the instrument in terms declared the trust, or by necessary implication disclosed it."

Under the cited authorities, the appellant clearly had the right to bring the suit without joining the trust beneficiaries, and we do not think that his designation as "trustee" in the caption of the complaint deprived him of the right. If the trial court considered that it cast some doubt upon the capacity in which he undertook to sue, appellant should have been permitted to strike it out as surplusage, as he requested. It was not necessary that he set out in his complaint the name of the beneficiaries or the nature of the trust. *Ritchie v. Trumbull, supra.*

The judgment of dismissal is reversed, and the cause is remanded, with direction to the superior court to proceed with the action in accordance with this opinion.

ROBINSON, C. J., MAIN, MILLARD, and STEINERT, JJ., concur.