CARR and others *vs.* ELLISON.

</div>

A covenant to *renew a lease under the same covenants* contained in the original lease, is satisfied by a renewal of the lease *omitting the covenant to renew.*

ERROR from the New-York C. P. This was an action of ejectment to recover possession of a house and lot of land in the city of New-York. On the trial, the plaintiff made out a title in fee to the premises, derived from *Thomas Ellison.* The defendants claimed under *William Corwin.* *Thomas Ellison* being seised in fee of the lot of land in question, demised the same to *Corwin* for the term of 21 years, from the first day of May, 1793, at a certain yearly rent. By the lease, *Corwin* covenanted that on or before the first day of November, 1793, he would at his own proper cost and charges, erect and finish on the land a two story frame house, and at the end of the term would yield and surrender up the same to *Ellison.* It was agreed that such buildings as *Corwin* should erect on the lot should, at the end of the term, be appraised by indifferent persons, to be chosen by the parties ; and *Ellison* covenanted that he would pay *Corwin* the appraised value, " or he, the said *Thomas Ellison,* his heirs or assigns, shall renew the lease unto the said *William Corwin,* his executors, administrators or assigns, for the term of twenty-one years more, for and under the same yearly rents, and *under the same covenants* as is herein before granted." *Corwin,* and afterwards the defendants under him, entered and held the premises

under the lease, and paid the stipulated rent down to the first day of May, 1835, the end of the second term of 21 years, but it did not appear that the lease was in fact *renewed,* at the end of the first term in 1814. The defendants insisted that the lease had in effect been renewed in 1814, by the act of the parties, with the same covenants as those contained in the original lease; and in April, 1835, they called on the plaintiff to appoint an appraiser, and to pay the value of the buildings which the lessee had erected on the lot, or to renew the lease *for another term of* 21 *years with the like covenants* as those contained in the original lease. The plaintiff refused to do either, and after the expiration of the second term of 21 years, in May, 1835, brought this action to recover possession of the property. On this case the court below charged the jury that the plaintiff was entitled to recover; the defendants excepted to the opinion, and judgment having been entered against them, they now bring error.

*A. Taber,* for plaintiffs in error.

*M. T. Reynolds,* for defendant in error.

*By the Court,* BRONSON, J. On the construction for which the plaintiffs in error contend, the lessor covenanted in case the value of the buildings was not paid, for a perpetual renewal of the lease : in other words, he agreed to renew the covenant for a renewal, as well as the other covenants contained in the lease. The courts lean against such a construction of the contract as will lead to a perpetuity, and will not infer an agreement for a second renewal from a general provision for a renewal of the lease with similar covenants. *Rogers* v. *Hunter,* 6 *John. Ch. R.* 215. *Piggot* v. *Mason,* 1 *Paige,* 412. *Tritton* v. *Foote,* 2 *Bro. Ch.* 636, *and note* (*a*) *by W. Eden, p.* 639. The parties did not, I think, contemplate more than two terms of 21 years. If the stipulation for " the same covenants" in the new lease, include the covenant for a renewal, it included also the covenant on the part of the lessee that he would erect a house on the land on or before the first day of November, 1793—a thing which

was impossible in 1814, when the first term expired.  Or, if we reject that part of the stipulation which relates to time, the covenant to build will still remain, and then the contract was that the lessee should erect a new house on the demised premises as often as he should obtain a renewal of the lease.  It is difficult to suppose that this was the intention of the parties.  The good sense of the contract seems to be this : the lessee agreed to erect a frame house on the premises, and the lessor stipulated to pay him the value of the building at the end of the term, or to compensate him by a renewal of the lease " for the term of twenty-one years more."  After the lapse of a second period of twenty-one years, a wooden building could be of no great value, and the parties neither stipulated for pay, nor for a further renewal of the lease.

Although the lease was not in fact renewed at the end of the original term, the lessee and those claiming under him, had held the property for a second term of twenty-one years before this action was brought, and they have no longer any right to the possession either at law or in equity.

Should it be conceded that the defendants were entitled to a renewal of the lease in 1835, their remedy would either be in a court of equity for a specific performance of the contract, or by an action at law to recover damages for a breach of the covenant. The legal title is in the plaintiff, and nothing can be better settled than that in the action of ejectment, the legal will prevail over an equitable title.

It is not necessary to inquire whether the defendants were entitled to notice to quit, as no such question was made on the trial.

<div align="right">Judgment affirmed.</div>