William J. Syms et al., as Executors, etc., Appellants, *v.* The Mayor, Aldermen and Commonalty of the City of New York et al., Respondents.

A covenant in a lease providing for renewals will not be so construed as to create a perpetuity.

A lease from the city of New York contained a covenant on the part of the landlord to re-lease for a term of twenty-one years, "with a like covenant for future renewals as is contained in this present indenture." At the expiration of the term the landlord executed a new lease for the specified term, with a covenant therein providing for a re-lease for the term of twenty-one years. The third lease was executed with no covenant therein providing for a renewal, but the tenant covenanted at the end of the term to surrender the premises. A short time prior to the expiration of the third lease, the landlord sold the premises. In an action to reform the last two leases by inserting therein covenants for further renewals and to enforce the last lease as so reformed, *held*, that the language of the original lease was satisfied by giving the lessee the right to two renewals; that the acceptance of the two renewals gave a practical construction by the parties, entitled to great weight in determining the intent; but, in any event, under the last lease the tenant could claim no right to the premises after its termination, and in the absence of proof of mistake or fraud, there was no ground for a reformation thereof; and that therefore an action was not maintainable.

The action was brought by plaintiffs as executors, the judgment gave defendants costs and directed execution therefor. *Held*, that the judgment was proper (Code of Civil Pro. § 3246), except the provision for execution; that the judgment could be enforced by execution only when allowed by the surrogate (Code of 'Civil Pro. §§ 1825, 1826); but that the informality should have been corrected by motion, not upon appeal from the judgment.

After verdict had been directed for defendants, plaintiffs moved for a new trial on the judge's minutes, the motion was denied. After entry of judgment plaintiff appealed from the order denying the motion and from the judgment; both order and judgment were affirmed, and the court awarded to defendants separate costs on both appeals. *Held*, that, having awarded costs on appeal from the judgment, the court had no power to award costs on appeal from the order (Code of Civil Pro. § 3239, sub. 2); but that the error was one to be corrected in the court below, not on appeal from the judgment.

(Argued March 4, 1887; decided March 22, 1887.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made April 7, 1884, which affirmed a judgment in favor of defendants entered upon a verdict and affirming an order denying a motion for a new trial.

The nature of the action and the material facts are stated in the opinion.

*H. Brewster* for appellants. The ten years statute of limitations, section 388 of the Code, does not apply to this case. (*Miner* v. *Beekman*, 50 N. Y. 338; Woodfalls L. and T. 229, 660 ; Platt on Leases, 734.) By reason of imperfect denials in the respondents' answer the whole of plaintiffs' case as made out by their complaint, stands admitted, and it was wholly unnecessary for them to offer any evidence upon the trial. (*Clark* v. *Dillon*, 97 N. Y. 370 ; *Miller* v. *McCloskey*, 9 Abb. [N. D.] 308 ; *Leary* v. *Boggs*, 3 Browne [C. P. R.] 252 ; *Fleishman* v. *Stern*, 90 N Y. 110 ; *McEnroe* v. *Decker*, 58 How. Pr. 250 ; *Chamberlain* v. *Am. Nat. L. & T. Co.* 5 ; Week. Dig. 129.) John Syms, as assignee of the original lessee, Peter Lorillard, was entitled to all the rights under the lease of the original lessee, as covenants of renewal in leases

run with the land.   (Taylor's L. and T., § 332; 1 Hilliard's R. Prop. 213; 2 id. 401; *Pigott* v. *Mason*, 1 Paige, 412; McAdam's L. & T. 261, 254; 2 Platt on Leases, 402; *Furnival* v. *Crew*, 3 Atk. 83.)   A renewal lease is a continuation of the original lease, and even where there is no positive covenant for the renewal but the renewals are given in like cases the lessee in possession has a valuable interest which a court of equity will protect.   (*Phyfe* v. *Wardell*, 5 Paige, 279; McAdam's L. & Ten. 258; Woodfall's L. & T. 329; *Moss* v; *Barton*, 35 Beav. 197; *Rawston* v. *Bently*, 4 Bro. 415; *Strathan* v. *Liv. D'k Tr.* 3 Y. & J. 565; *Nicholson* v. *Smith*, 22 L. R. Ch. Div. 640.)   There was no laches on the part of John Syms and no ground for the claim that because he occupied the premises under a lease not in strict accordance with the original he had made a new contract with the city and released it from any of the covenants of the original lease. (*Johnson* v. *Conger*, 14 Abb. Pr. 195; Story's Eq. Jur. § 64.)   There was no actual breach of the covenant until the city sold the property and by so doing put it out of its power to perform its covenants.   (1 Platt on Leases, 713, 714, 731, 744; *Bridges* v. *Hitchcock*, 1 Bro. P. C. 522; *Brooks* v. *Bulkley*, 2 Ves. 498.)   The court below erred in awarding costs against the plaintiffs' personally and also in awarding execution against them.   An execution could only issue by order of the surrogate and against the property of the deceased, there being no claim of mismanagement or bad faith against the plaintiffs.   (Code of Civ. Pro., § 3246.)   The court below erred in awarding costs on the appeal from the judgment and also separate costs on the appeal from the order denying the motion for a new trial.   (Code of Civ. Pro., § 3239, subd. 2; *Stanton* v. *King*, 76 N. Y., 590, 591.)

*David J. Dean* for respondent.   The court should not grant the prayer of the complaint and so reform the leases as to lead to a perpetuity.   (*Carr* v. *Ellison*, 20 Wend. 178, 179; *Banker* v. *Brakes*, 9 Abb. [N. C.] 412; *Piggot* v. *Mason*, 1 Paige Ch. 412; *Rutgers* v. *Hunter*, 6 Johns. Ch.

215; *Hyde* v. *Skinner*, 2 P. Wms. 196; *Britton* v. *Foot*, 2 Bro. Ch. 636.) To warrant the reformation of either of the leases in question the evidence must show that there was a mutual mistake, and that the instrument does not contain some covenant, or condition, which the parties sup posed it did contain; or the evidence must establish fraud by one of the parties, by which the other party was deceived and led into a mistake. (*Alb. Savings Inst'n* v. *Burdick*, 87 N. Y. 50; *Mead* v. *Westchester F. I. Co.*, 64 id. 455; *Nevins* v. *Dunlap*, 33 id. 680; Story's Eq. Jur. 155–157; *Lyman* v. *Utica I. Co.* 17 J. R. 377; *Moran* v. *McLarty*, 75 N. Y. 28.) Actions to reform instruments are within the ten-year limitation. (Code, § 388; *Cramer* v. *Benton*, 4 Lans. 294.)

Earl, J. On the 10th day of April, 1810, the city of New York executed to Peter Lorillard a lease demising to him certain premises for a term of thirty years ending on the 1st day of May, 1840. The lease was executed by both parties, and in it the city agreed that at the expiration of the term, to wit., May 1, 1840, it would demise the premises to him, his assigns, etc., "for and during the term of twenty-one years thereafter, with a like covenant for future renewals of the lease as is contained in this present indenture." On February 1, 1839, Lorillard assigned the lease to John Syms, who thus became substituted in his place. On the 1st day of April, 1840, the city executed a lease of the same premises to John Syms, for another term of twenty-one years, in which it covenanted that at the expiration of that lease, to wit., May 1, 1861, it would again demise the premises "in pursuance of this present lease · * * * for and during the term of twenty-one years thereafter, upon such rents as shall be agreed upon " or determined by two sworn appraisers and an umpire. On the 20th of April, 1861, the city executed a third lease to John Syms for twenty-one years from May 1, 1861; that lease contained no covenant for renewal, and in it Syms covenanted that at the end of that term he would peaceably and quietly leave, surrender and yield up to the city or its successors or

assigns all of the demised premises.   Syms died in 1868, having, some years before his death, erected a valuable building upon the premises.  In April, 1880, the city sold the premises to John B. Haskin.    Thereafter, in October, 1880, the plaintiffs, as executors of Syms, commenced this action, alleging in their complaint, among other things, the facts hereinbefore stated, and praying that the city be adjudged to reform the leases dated April 1, 1840, and April 20, 1861, by inserting therein a covenant for a further renewal of twenty-one years from May 1, 1882, and that the sale and conveyance to Haskin be set aside, and the plaintiffs be given a renewal lease for twenty-one years from May 1, 1882; or if the defendants had put it out of their power to perform the covenant by having sold the premises, that they and Haskin be adjudged to pay the plaintiffs the damages by them sustained for the conversion of the building on the premises to their own use and for damages by depriving the plaintiffs of a further renewal of the lease of the demised premises to the amount of $18,000.   Upon the trial, at the close of the evidence, the court directed a verdict in favor of the defendants.

We are of opinion that the verdict was properly directed. The lease executed in 1810, should not be so construed as to create a perpetuity.  (*Rutgers* v. *Hunter*, 6 Johns. Ch. 215; *Carr* v. *Ellison*, 20 Wend. 178; *Piggot* v. *Mason*, 1 Paige, 412; *Banker* v. *Braker*, 9 Abb. [N. C.] 411.)  Its language is satisfied by holding that it gave the lessee the right to two renewals, and those renewals were subsequently given; and it must be assumed that the parties so understood the first lease.   The two renewals signed by both parties gave that lease a practical construction which should have great weight with any court called upon to ascertain its meaning and effect.

But the second lease executed in 1840, which then defined the rights of the parties, contained a covenant for but one renewal.   In the last lease there was no covenant for renewal, and in that lease the lessee absolutely covenanted at the end of his term to surrender up the premises to the lessor.   So long as that lease remained in its present form, neither the

lessee nor any person claiming under him could assert any right to the premises after its termination. It defines the precise rights of the parties in the demised premises and neither could assert anything in contravention of it.

This action was brought mainly for the purpose of reforming the last two leases. But there was no proof of any mistake or fraud in their execution, or in the terms inserted in them, and, therefore, even if the statute of limitations did not furnish a bar to the action to reform the leases, there was no basis or ground for their reformation. The plaintiff's action, therefore, utterly failed, and a verdict was properly directed for the defendants.

The judgment entered upon the verdict, provides that the defendants should recover costs of the plaintiffs and have execution therefor. At the General Term it was also adjudged that the city should recover of the plaintiffs, as executors, its costs, and should have execution therefor. The plaintiffs now complain of this provision for costs, and cite section 3246 of the Code. That section expressly authorizes costs against them as executors. The court did not direct them to pay the costs personally, but the judgment for costs is against them in their representative capacity.

After a verdict had been directed for the defendants the plaintiffs moved for a new trial upon the judge's minutes which was denied, and after entry of judgment they appealed to the General Term, both from the order denying their motion for a new trial and from the judgment, and at the General Term both the order and judgment were affirmed, and the court awarded against the plaintiffs, not only costs upon the appeal from the judgment but also ten dollars costs upon the appeal from the order. Having awarded costs upon the appeal from the judgment, the court had no power to award costs upon the appeal from the order. (Code, § 3239, subd. 2.) It is a small matter and should have been corrected in the court below, and we have no means of knowing that it was not corrected in the judgment finally entered.

The judgments in the court below should not have con-

tained the provisions that the defendants should have executions for their costs. The judgments for costs could be enforced by executions only in case they were allowed by the surrogate, as provided in sections 1825 and 1826 of the Code. But this is an innocuous informality. Any informality in the judgment should have been corrected by motion, and if the plaintiffs failed upon such motion in a matter affecting a substantial right, not resting in discretion, they could have reached this court by an appeal from the order denying their motion. We do not correct such informalities upon a mere appeal from the judgment.

The judgment should, therefore, be affirmed, with costs, against the plaintiffs as executors.

All concur.

Judgment affirmed.