# �import Richmond.

KING v. WILSON.

MARCH 29, 1900.

1. LANDLORD AND TENANT—*Term Lease—Renewable—Holding Over.*—A general covenant for renewal of a lease binds the lessor to renew for one term only, and if the tenant holds over without renewal he becomes a tenant from year to year, and the law presumes the holding to be upon the terms of the former lease so far as applicable to the new situation, and the landlord, on giving the notice required by law, may demand the possession of the premises at the end of any year of such tenancy.

2. LANDLORD AND TENANT—*Term Lease—Renewable—Improvements.*—If a contract of lease for a term of years provides that it shall be renewable, or that the lessor shall pay for the improvements, the renewal for one term satisfies the contract to pay for the improvements, and, at the expiration of the second term, the lessor is entitled to recover the premises *and* the improvements.

Error to a judgment of the Hustings Court of the city of Portsmouth, in an action of unlawful detainer, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

*Porter & Bland,* for the plaintiff in error.

*William H. Stewart,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

The parties to this controversy claim under a lease dated July July 1, 1856. By this contract, the lot in question, situated on

High street in the city of Portsmouth, was leased for one year or ten years, at $25 per annum, with the following provision: " Renewable or pay for the improvements at their valuation."

This action of unlawful detainer was brought by the defendant in error to recover the premises from the plaintiff in error, who holds possession under the original lease.

In construing this lease, two questions are presented: (1) What is the extent of the tenancy of the lessee? and (2) Is the lessee, at the end of such tenancy, entitled to recover the value of the improvements made?

Under the terms of the contract the lessee held, as he had a right to do, for ten years, thus making the first term expire with June 30, 1866. Under the covenant for renewal, he continued in possession of the premises another ten years, making the second term expire June 30, 1876. Since the expiration of the second term, the lessee has remained in possession of the premises, without any new agreement, until the present time.

It is well settled that a general covenant for renewal, such as the one in question, does not imply a perpetual renewal. The most a lessor is bound to give on such a covenant is a renewal for one term only. A different construction would virtually lead to a grant in perpetuity. Taylor's Landlord and Tenant (7th ed.), sec. 333; *Syms* v. *Mayor, &c.*, 105 N. Y. 153; *Peirce* v. *Grice*, 92 Va. 763.

Where a landlord allows a tenant for a term of years to hold over after the expiration of his term, without any new agreement, he becomes a tenant from year to year, and the law presumes the holding to be upon the terms of the former lease so far as they are applicable to his new situation. *Peirce* v. *Grice, supra*.

We therefore hold that the plaintiff is in possession of the premises in question as a tenant from year to year, and that the defendant in error had the right, at the end of any year since

such yearly tenancy began, to demand the premises upon giving the notice required by law.

The second question involves the right of the lessee, at the end of his tenancy, to recover the value of the improvements made upon the premises. The language of the lease is, *"Renewable or pay for the improvements."*

It is clear from this language that, at the end of the first term of ten years, the lessor was under obligation either to renew the lease for another term of ten years, or to pay for the improvements. He could not be required to do both. Had there been no renewal, the lessee would have been entitled to the value of the improvements, but when the lease was renewed for the second term, the contract to pay for the improvements was thereby satisfied.

We hold, therefore, that the defendant in error was entitled to recover the premises in question, including the improvements, discharged of all obligation to pay for the value of such improvements.

It follows from what has been said that the instruction given for the defendant in error correctly stated the law, and that the two instructions offered by the plaintiff in error were properly rejected.

For these reasons the judgment must be affirmed.

*Affirmed.*