(158 App. Div. 729.)

## BURNS v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 7, 1913.)

1. MUNICIPAL CORPORATIONS (§ 722*)—LEASE—COVENANTS FOR RENEWAL—VALIDITY.

In 1827 the city of New York leased real estate owned by it in its corporate capacity for 21 years by a lease containing a covenant for renewal; the renewal lease to contain a like covenant for future renewals. The lease was renewed in 1848, 1869, and 1890; the renewal leases containing similar covenants for renewals. A city ordinance adopted in 1844 and ratified and confirmed by Laws 1845, c. 225, prohibited leases of public lands for more than one year without the consent of the commissioners of the sinking fund or for more than five years with such consent. Laws 1853, c. 217, § 7, Laws 1857, c. 446, § 41, Laws 1869, c. 876, § 8, and Laws 1882, c. 410, § 170, authorized leases of city property for not exceeding ten years; Greater New York Charter (Laws 1901, c. 466) § 205, authorizes the board of sinking fund commissioners to lease any city property except parks, etc., but provides that no such lease shall run for longer than ten years nor a renewal for longer than ten years. Held, that the covenant for a renewal in the lease of 1890 was unauthorized and void, since the covenant in the lease of 1827 would not be construed so as to create a perpetuity and was satisfied by the renewals of 1848 and 1869, if not by that of 1848 alone, and the city officers after 1844 had no power to bind the city by a covenant for a renewal.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1528; Dec. Dig. § 722.*]

2. MUNICIPAL CORPORATIONS (§ 230*)—OFFICERS—POWERS.

Persons dealing with public officers respecting public property are chargeable with knowledge of the limitation of power imposed upon such officers and can gain no advantage against a municipal or other public corporation by reliance upon acts of such officers in excess of their powers.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 654–656; Dec. Dig. § 230.*]

3. FIXTURES (§ 14*)—TIME FOR REMOVAL.

As a general rule, a building erected by a tenant becomes the property of the landlord if not removed before the expiration of the lease.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 22, 25; Dec. Dig. § 14.*]

4. FIXTURES (§ 33*)—FAILURE TO REMOVE—EFFECT.

Under a lease giving the tenant ten days after the expiration of the lease within which to remove buildings and providing that she might not do so at any time thereafter, where the lessee failed to remove a building within the ten days, she forfeited her right to do so, and it became the landlord's property, and she had no claim for payment of its value.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 64, 65; Dec. Dig. § 33.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Submission of controversy between John N. Burns, as administrator de bonis non of Rebecca C. Waybe, deceased, and the City of New York upon an agreed statement of facts. Judgment for defendant.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

James A. Donnelly, of New York City, for plaintiff.
Charles J. Nehrbas, of New York City, for defendant.

SCOTT, J. This controversy relates to the plaintiff's claim to be entitled to a renewal for the term of 21 years of the premises No. 103 Park Row in the city of New York, the ownership of which is vested in the city of New York, apparently in its corporate capacity, as it is not held and occupied for any public use.

[1] The property was originally leased to John Dixey on October 1, 1911, for a term of 21 years from May 1, 1806. Dixey improved it by the erection of a building which, with some additions and alterations, still stands upon the property. The lease was renewed in 1827, and again in 1848, 1869, and 1890. Each lease was for the term of 21 years, and each contained a covenant for renewal in the following words:

"And the said mayor, aldermen and commonalty of the city of New York, for themselves, their successors and assigns, do covenant, grant and agree to and with the said John Dixey, his executors, administrators and assigns, that they, the said mayor, aldermen and commonalty of the city of New York, their successors and assigns, shall and will, at the expiration of the term hereby demised, again demise and to farm let the above premises in pursuance of the present lease unto the said John Dixey, his executors, administrators or assigns for and during the term of twenty-one years thereafter, *with a like covenant for future renewals of the lease,* as is contained in this present indenture, and upon such rents and other terms and conditions as shall be agreed upon between the parties, or as shall be determined by two sworn appraisers, one of whom to be chosen by each of the said parties."

Upon the expiration in 1911 of the lease made in 1890, the defendant refused to execute a new lease in accordance with the terms of the above-quoted covenant, and plaintiff, who has succeeded to all the rights of the last lessee, seeks to compel such a lease to be made. The question, as we think, resolves itself into one of power in the city of New York to make such a covenant in the lease executed in 1890.

Prior to 1844 there appears to have been no limitation upon the term for which real property belonging to the city of New York could lawfully be leased. In that year, however, the common council adopted the now well-known ordinance which established "the sinking fund of the city of New York for the redemption of the city debt" and created the commissioners of the sinking fund. This ordinance was ratified and confirmed by the Legislature. Laws 1845, c. 225. By this ordinance no lease of public lands for more than one year was permitted except with the consent of the commissioners of the sinking fund, and, with such consent, no lease was permitted to be made for more than five years. In 1853 an act was passed (chapter 217 of the Laws of 1853, § 7) providing that all leases of city property be made

after public advertisement and by public letting for a term not to exceed ten years. Chapter 446 of the Laws of 1857, § 41, contains a similar provision.

Under section 8 of chapter 876 of the Laws of 1869 the commissioners of the sinking fund were given power to lease city property at public letting for a term not to exceed ten years.

Under the Consolidation Act (chapter 410 of the Laws of 1882, § 170) the sinking fund commissioners were given similar power to make leases at public auction or under sealed bids for a term not exceeding ten years.

The present charter of the city of New York in section 205 (Laws 1901, c. 466) provides:

"Powers of Commissioners of Sinking Fund. Sec. 205. The said board shall, except as in this act otherwise specifically provided, have power to sell or lease for the highest marketable price or rental at public auction or by sealed bids, and always after public advertisement for a period of at least fifteen days in the city record, and after appraisal under the direction of said board made within three months of the date of sale, any city property except parks, wharves and piers and land under water," except as hereinafter provided, "but no such lease shall run for a term longer than ten years nor a renewal for a longer period than ten years."

[2] It thus appears that since 1844 no officer or officers of the city government have had authority to lease city property for a longer period than ten years, and it is well settled that persons dealing with public officers respecting public property are chargeable with knowledge of the limitation of power imposed upon such officers and can gain no advantage as against a municipal or other public corporation by reason of having relied upon acts of such officers in excess of their lawful powers. It is conceded by the defendant that, notwithstanding the ordinance of 1844, the city was bound to give, and its officers were justified in executing, a lease for 21 years in 1848, because it had contracted so to do by the lease of 1827 made at a time when such a contract was legal. But the insertion of the renewal clause, with a specific covenant for a further renewal, in the lease of 1848, was equivalent to making a lease in that year for 42 years, if not, as the plaintiff insists, for perpetuity. Such a lease was forbidden by the ordinance of 1844 and by several acts of the Legislature passed before 1869, when the lease of 1848 expired.

We are clearly of the opinion that it was incompetent and illegal to include, if not in the lease of 1848, certainly in the leases of 1869 and 1890, the specific covenant for a further renewal for 21 years. The lease executed in 1811 and its renewals should not be construed so as to create a perpetuity, and the covenant in the lease of 1827 would have been wholly satisfied by giving the lessee two renewals, to wit, those of 1848 and 1869. A similar covenant to that now under consideration was so construed by the Court of Appeals in Syms v. Mayor, 105 N. Y. 153, 11 N. E. 369. As therefore the city was not bound by the covenant in the lease of 1827 to give more than two renewals, and as its officers had no legal authority to insert in the lease of 1848 or that of 1869 a covenant for a further renewal, their attempt to make such a covenant on the part of the city must be held

to be inoperative and void. Consequently upon the expiration of the lease of 1869, if not upon the expiration of the lease of 1848, the lessee had no right, by virtue of any covenant in his lease, to a further renewal. It follows necessarily that the lessee at the expiration of the lease executed in 1890 had no such right.

[3, 4] A question is also submitted respecting the right of the lessee to remove the buildings upon the property or to be compensated therefor. The general rule is that buildings erected by a tenant become the property of the landlord if not removed before the expiration of the lease. Loughran v. Ross, 45 N. Y. 792, 6 Am. Rep. 173; Talbot v. Cruger, 151 N. Y. 117, 45 N. E. 364. In the lease held by plaintiff the tenant is given ten days after the expiration of the lease within which to remove the buildings, but it is provided that he may not do so "at any time thereafter." Plaintiff has allowed the ten days to elapse and has not removed the building. She has thus forfeited the right to do so. It has become the property of the landlord by operation of law, and plaintiff has no valid claim to be paid its value.

The defendant is entitled to judgment in accordance with the foregoing opinion, but under the terms of the submission, without costs. Settle order on notice. All concur.