GLASER v. BURNS et al.

(Supreme Court, Special Term, Kings County.   May 30, 1915.)

1. EXECUTORS AND ADMINISTRATORS ⊂⇒158—PERSONAL PROPERTY—RIGHT OF EXECUTOR TO SELL—LEASEHOLD ESTATE—"ASSET"—"PERSONAL PROPERTY."

A lease of which the unexpired term was less than one year is an "asset" in the hands of an administrator de bonis non, which is subject to sale by the administrator; it being "personal property," under Code Civ. Proc. § 1430, providing that real property includes leasehold property, where the lessee or his assignee is possessed of at least a five-year unexpired term.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 634, 635, 646½; Dec. Dig. ⊂⇒158.

For other definitions, see Words and Phrases, First and Second Series, Assets; Personal Property.]

2. PARTITION ⊂⇒46—NECESSARY PARTIES.

Where a city leased realty for a term of years, and, when less than a year of such term remained, the administrator of the lessee sold such unexpired interest, and contracted with the buyer to assign to it the renewal term to which the lessee was entitled, such buyer was a necessary party to a partition suit in which the lease was involved.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 114; Dec. Dig. ⊂⇒46.]

Action by Urania U. Glaser against John N. Burns and others. The Bridge Café moves for leave to intervene as party defendant and for the appointment of a receiver. Motion granted.

Ferdinand E. M. Bullowa, of New York City (Lawrence E. Brown, of New York City, of counsel), for movant.

Harry E. Fajans, of Jamaica, for plaintiff.

James A. Donnelly, of New York City (Maurice J. Dix, of New York City, of counsel), for defendants Burns.

BENEDICT, J.   This is a motion made by the Bridge Café, a domestic corporation, for leave to intervene as a party defendant in a partition suit brought in this court in Kings county, and for the appointment therein of a receiver of the rents of certain premises described in the complaint situated at No. 103 Park Row, in the borough of Manhattan, in the county of New York. The motion is made upon the theory that the moving party has an interest in said premises under a contract in writing, bearing date the 14th of November, 1910, for the assignment of the renewal term of a certain ground lease and building upon the demised premises, which lease was made many years ago by the city of New York.

[1, 2] The motion is resisted upon various grounds, but I think it should be granted. The contract was a valid contract, made upon sufficient consideration, for the assignment of an interest in the lease of the property in respect of which lease the action for partition was brought. The contract was to be carried out when the lease should be renewed. As I view it, it makes little difference whether the leasehold interest in the property be considered as real or personal, when the ad-

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ministrator de bonis non entered into the contract in question, he had less than one year's unexpired term under the original lease. This, together with the building, was personal property, and the administrator could sell it. See section 1430, Civil Code; Real Property Law (Consol. Laws, c. 50) § 240; Schmitt v. Stoss, 207 N. Y. 731, 100 N. E. 1119. Annexed to the demise was a conditional covenant for a renewal of the lease for a further term of 21 years; but the seller's right to such renewal was contested by the city of New York, the landlord, on the ground that the covenant for renewal was invalid. The question has only recently been determined in the seller's favor by a decision of the Court of Appeals. See Burns v. City of New York, 213 N. Y. 516, 108 N. E. 77, reversing the Appellate Division, First Department, which had held the covenant to be ultra vires and invalid. 158 App. Div. 729, 143 N. Y. Supp. 952. During all this controversy over the right to renewal so contracted to be sold, the moving party has been and still is ready and willing to complete its contract by the payment of, say, $14,000. Under section 1538 of the Civil Code I think the moving party is not only a proper, but a necessary, party defendant in this partition action, especially in view of the allegations contained in paragraph XXVI of the complaint, which indicate knowledge on the plaintiff's part of the existence of the contract between Burns and the moving party, although that party is not named in said complaint as a defendant.

I have reached the conclusion, for the reasons thus briefly stated, that the application for leave to intervene should be granted; and, in view of all the facts alleged in the moving affidavits as to the nonpayment of taxes, the death of the administrator's sureties, and the size of the bond given by him, it also appears proper that a receiver of the rents of the premises should be appointed. If the parties can agree upon a suitable person to be appointed receiver, I will appoint accordingly; otherwise, I will select such receiver, and fix the amount of his bond.

Motion granted; no costs. Settle order on two days' notice.