# Wytheville.

## GALE v. TRUST COMPANY OF NORFOLK.

### June 11, 1925.

#### Argued before Judge Chichester took his seat.

1. LANDLORD AND TENANT—*Bill to Enjoin Action of Unlawful Detainer—Remedy at Law—Case at Bar*.—The instant case was a suit by a tenant against a landlord to enjoin a threatened action of unlawful detainer to recover possession of a lot together with the building thereon. The bill was dismissed on demurrer. The appellant was in possession of the house on the lot and asserted that, under a proper interpretation of the lease, "the building on the leased premises is the property of the petitioner until its value has been determined and paid to her as set forth in the lease." If this was true, her possession was lawful, and the landlord could not succeed in the action of unlawful detainer, as the object of that action is to try the right of possession. Therefore, there was no error in dismissing the bill.

2. INJUNCTION—*Enjoining Action of Unlawful Detainer by Landlord Against Tenant—Adequate Defense at Law*.—Where the facts set out in a bill by a tenant to enjoin an action of unlawful detainer by her landlord did not show any ground for equitable interference, or any defense that the tenant could not have fully and completely made in the action of unlawful detainer brought by the landlord, the trial court committed no error in dismissing the bill as the defense at law was full, adequate and complete.

Appeal from a decree of the Circuit Court of the city of Norfolk. Decree for defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*E. A. Bilisoly, J. W. Eggleston* and *G. Tayloe Gwathmey,* for the appellant.

*Robert W. Tomlin*, for the appellee.

Burks, J., delivered the opinion of the court.

[1] This is a suit in chancery by a tenant against a landlord to enjoin a threatened action of unlawful detainer to recover possession of a lot in the city of Norfolk, together with the building thereon. The bill was dismissed on demurrer, and tenant appeals.

The petition for appeal presents the appellant's view of the controversy as follows:

"The question presented for decision is the proper construction of the terms of the lease from George Newton *et al* to Joseph A. Gale, dated January 18, 1899, the determination of the ownership of the building situated on the leased premises, and the enforcement of petitioner's rights in the premises."

The appellant is in possession of the house on the lot, and according to her view of the proper interpretation of the lease "the building on the leased premises is the property of the petitioner until its value has been determined and paid to her as set forth in the lease." If this be true, then her possession is lawful, and the landlord could not succeed in an action of unlawful detainer, if he brought it, as the object of an action of unlawful detainer is to try the right of possession.

A lease from the same landlord to another tenant, in almost identical terms with the lease in the instant case, was brought under review in *Blanford* v. *Trust Company of Norfolk, ante* p. 73, 128 S. E. 640, decided today. In the petition for appeal in the instant case, referring to the *Blanford Case*, it is said: "The facts in both cases are practically the same. Both cases involve the question of the ownership, as between

landlord and tenant, of buildings erected by a tenant on leased premises."

In the *Blanford Case*, which was an action of unlawful detainer, every defense was made that is now set up in appellant's bill. No objection was, or could have been, made to the defenses. The remedy was complete. If in that case the plaintiff had failed to show that he had legally terminated the tenancy, or if the defendant had shown that he was entitled to the possession until the building was paid for, and that it had not been paid for—in either event, the plaintiff would have failed in his action. This was true independent of the defense of estoppel which was also set up in that case.

*King* v. *Wilson*, 98 Va. 259, 35 S. E. 727, and *Powell* v. *Pierce*, 103 Va. 528, 49 S. E. 666, were each actions of unlawful detainer, and involved the construction of renewal contracts of lease similar to the contract in the instant case, and similar defenses were made. In both of these cases, as well as in the *Blanford Case*, full defenses were made by the tenant and full relief afforded.

[2] The facts set out in the bill do not show any grounds for equitable interference, or any defense that the tenant could not have fully and completely made in an action of unlawful detainer brought by the landlord, and the trial court committed no error in dismissing the bill. The defense at law was full, adequate and complete.

*Affirmed.*