[No. 4942. Decided June 30, 1904.]

ROBERT TISCHNER, *Respondent,* v. WILLIAM RUTLEDGE et al., *Appellants.*[1]

APPEAL — NOTICE — PROOF OF SERVICE — SIGNATURE OF PARTY WITHOUT PROOF OF GENUINENESS. An apppeal will not be dismissed because the only proof of service upon one of the co-parties not joining therein, and who had appeared in the action, was an admission of service over his own signature, without any proof of its genuiness, since the lower and appellate court must judicially notice the signature of any party that has appeared in the action.

LANDLORD AND TENANT — LEASE — CONSTRUCTION — PERPETUAL RENEWALS. An intention to create a perpetual lease by a clause for perpetual renewals must be clear and unequivocal, and is not shown by reserving a monthly rental terminating at a certain time "with the privilege at the same rate and terms each year thereafter from year to year," where the lease contains only covenants applicable to a short fixed period without employing any terms of perpetuity.

Appeal from a judgment of the superior court for Lincoln county, Neal, J., entered July 23, 1903, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury. Affirmed.

*Thayer & Belt,* for appellants.

*Martin & Grant,* for respondent.

[1]Reported in 77 Pac. 388.

PER CURIAM.—This is an action of unlawful detainer. The facts are not in dispute and are substantially these: On April 9, 1900, the respondent, being the owner of a store building and the lands on which the same was situate in the city of Davenport, in this state, leased the same to the defendant, Anderson, at a rental of $33.33 per month, payable monthly, for a term terminating on the 8th day of April, 1901, "with the privilege at the same rate and terms each year thereafter from year to year." Anderson held under the lease until September 30, 1902, when he transferred his interests in the premises to the appellant William Rutledge, who in turn sublet a portion thereof to the appellant G. K. Birge. On February 23, 1903, the respondent caused notice to be served on the appellants and the defendant, Anderson, notifying them that the lease would be terminated on April 8, 1903, and that they were required to quit the possession of the premises and surrender the same to the respondent on that day. In the month following, the appellant William Rutledge notified the respondent that he elected to continue to hold possession of the premises, under the clause of the lease above quoted, and that he would refuse to surrender possession on the date named by the respondent. Demand for possession was again made on April 8, which being refused, this action was brought under the statutes of forcible entry and detainer to recover such possession. The case was tried before the court without a jury, and resulted in findings of fact substantially as above outlined, from which the trial court concluded, as a matter of law, that the respondent was entitled to recover, and entered a judgment accordingly.

This appeal is taken by Rutledge and Birge, the defendant Anderson not joining therein. Anderson ap-

peared separately, and by separate counsel in the court below, and the respondent moves to dismiss the appeal, because, as he contends, the notice of appeal was not served on Anderson as required by statute. The record shows an acceptance of service of the notice, over the signature of Anderson, but unaccompanied by any proofs of its genuineness. It is said that this is insufficient, because the court will not take judicial notice of the signatures of persons other than public officers or officers of the court, and that the signatures of persons other than such officers must be accompanied by proofs of their genuineness.

It is undoubtedly true that a court will not notice, judicially, the signature of a defendant unaccompanied by proofs of its genuineness, when it is sought to show thereby the service of an original process by which the defendant is brought into court (*Downs v. Board of Directors*, 4 Wash. 309, 30 Pac. 147); but this is as far as the rule extends. After a party has once appeared in an action, he may be served with all notices and motions pertaining to that proceeding, and his signature to an acceptance of service thereof is entitled to recognition by the court, without other proof of its genuineness than the court requires of any fact it knows judicially. If this were not so, a party would be without power to conduct his own case. The taking of an appeal is not the commencement of a new action, nor is a notice of appeal in any sense an original process by which parties are brought into court. *Philadelphia Mtge. & Trust Co. v. Palmer*, 32 Wash. 455, 73 Pac. 501, and cases cited. This being so, it must necessarily follow that the signature of a party to the notice of appeal must receive the same consideration it would receive if to any other notice

or paper served in the cause, not an original process. In other words, it must be noticed judicially.

It is suggested, however, that, while the trial court might notice judicially the signature of a party who has appeared before it, the rule is different in the appellate court. But we think not. The rule is that an appellate court will notice judicially whatever the court of original jurisdiction is bound to notice judicially, and hence, as the superior court before whom this cause was pending was bound to take notice of the signature of Anderson, when signed to papers in the cause before it, so must this court take notice of it in the same cause. The motion to dismiss is denied.

On the merits of the controversy, the appellants contend that the lease confers upon the lessee and his assigns the right of perpetual renewal; while the respondent argues (1) that the writing does not bear that construction, and (2) that, if it does, then it is void because it creates a perpetuity.

Whether or not a lease providing for perpetual renewals is valid, is a question upon which the authorities are not agreed, though perhaps the weight is with the holding that such leases are valid. On principle, it would seem that where a person has the right to convey, in fee absolute, his whole estate, he could convey in the same manner a part of it less than the whole. But, be this as it may, the authorities are uniform on the proposition that the law does not favor perpetual leases of the character claimed for this one, and that the intention to create such lease must be expressed in clear and unequivocal language, and not be left to mere inference. Courts will, also, whenever it is possible without doing violence to the plain mean-

ing of words, so construe the language used as to avoid a perpetuity by renewal.

We think it clearly appears from the instrument in question here, when examined as a whole, that the parties did not intend to provide for perpetual renewals. With the exception of the clause above quoted, the lease contains only covenants applicable to a short fixed term. It makes no provision for waste, for repairs to, or for rebuilding in case of the destruction of the buildings on the property by fire or accidents of any kind. It provides that, upon the "expiration of the time mentioned in this lease, peaceable possession of said premises shall be given to said" lessor, "in as good condition as they now are, the usual wear, inevitable accidents, and loss by fire excepted." It does not employ the terms, "in perpetuity," "forever," or words of similar import, such as one would expect to find in instruments granting perpetual rights. Moreover, the phrase used, which is thought to create the perpetual right, is of itself likely to conceal its real meaning. When we speak of a thing as continuing from year to year, it is only on second thought that we conclude it means forever. This, we think, is not the direct and unequivocal language necessary to create a lease of the character contended for. We are of the opinion, therefore, that the lessee and his assigns became tenants from month to month, after the expiration of the year mentioned in the lease, and that their tenancy was terminated by the notice to that effect, given by the lessor.

The judgment appealed from is affirmed.