(117 App. Div. 884)

### HOFF v. ROYAL METAL FURNITURE CO.

(Supreme Court, Appellate Division, Second Department.   March 22, 1907.)

1. LANDLORD AND TENANT—LEASES—VALIDITY—CONSTRUCTION.

A provision in a lease: "Said party of the second part, its successors or assigns, to have the privilege of renewing this lease from year to year, upon notice to that effect in writing, given on or before the day of the date of the expiration of each and every year, by written notice addressed to the party of the first part at her last known address"— is not indefinite, nor void because for perpetual renewals.

2. SAME—RENEWALS.

A mere provision in a lease for renewal means on the terms of the original lease.

Hooker, J., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Annie C. Hoff against the Royal Metal Furniture Company.   From an order of dismissal, plaintiff appeals.   Affirmed.

The lease was in writing and was made on May 1, 1903.   It was for a term of one year from said May 1 at a yearly rent of $600 payable in equal monthly payments on the 10th day of each month.   It also contained the following covenant:

"Said party of the second part, its successors or assigns, to have the privilege of renewing this lease from year to year, upon notice to that effect in

writing, given on or before the day of the date of the expiration of each and every year, by written notice addressed to the party of the first part at her last known address. The party of the second part to have the privilege of purchasing the above property at any time during the continuance of this lease or the renewals thereof, as hereinbefore specified, paying therefor the sum of $6,000, free from all encumbrances."

Thereafter the tenant (party of the second part) gave such renewal notice each year, and continued as tenant by renewal, until the landlord refused to recognize such renewal notice given in January, 1906, to renew the lease from May 1, 1906, for one year, and on said May 1 instituted this proceeding against the tenant as holding over after the expiration of the term, having given a five days notice to quit and surrender at the end of the year's lease.

Argued before JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Charles A. Decker, for appellant. ·
Thaddeus D. Kenneson, for respondent.

GAYNOR, J. The covenant for renewals is in no way indefinite; its specific performance could be decreed. A bare covenant to renew means on the terms of the original lease. Tracy v. Albany Exchange Bank, 7 N. Y. 472, 57 Am. Dec. 538; Western Co. v. Rea, 83 App. Div. 576, 81 N. Y. Supp. 1093. That the covenant is for perpetual yearly renewals does not make it void. Such covenants are lawful and in general use. Rutgers v. Hunter, 6 Johns. Ch. 215, 219; Hare v. Burges, 4 K. & J. 45; Blackmore v. Boardman, 28 Mo. 420.

The case of Western Transportation Co. v. Lansing, 49 N. Y. 499, is not in point. There the covenant was held to be non-enforceable for uncertainty in respect of the term, and also because the landlord had died. I suppose it is proper to say that the opinion is discursive and has to be read with discrimination. The exact point decided is all that serves as a precedent. Colonial City Traction Co. v. Kingston City R. Co. 154 N. Y. 493, 48 N. E. 900.

The final order should be affirmed. All concur except HOOKER, J., who dissents.

HOOKER, J. (dissenting). This is an appeal from a final order of the Municipal Court in a summary proceeding, dismissing the petition on the merits. The lease was executed by the landlord on the 1st day of May, 1903, and demised the premises to the tenant for a term of one year from that date, rent being payable monthly; it was further provided therein that:

"Said party of the second part [the tenant], its successors or assigns, to have the privilege of renewing this lease from year to year, upon notice to that effect in writing, given on or before the day of the date of the expiration of each and every year, by written notice addressed to the party of the first part [the landlord] at her last known address."

The tenant occupied continuously until May 1, 1906. On January 22, 1906, it served a notice in writing on the owner, giving notice that it would again avail itself of the privilege of renewal contained in the lease of the property for the ensuing year, commencing May 1, 1906, and that it intended to renew said lease from said May 1, 1906. The owner refused to assent to a renewal. The tenant elected to stand on its rights under the lease and the notice. It remained in possession after the 1st of May, 1906, and this proceeding was brought. By

stipulation the only question presented for the determination of the Municipal Court was whether, under the lease and the notice, the tenant had the right to remain in possession for the year commencing May 1, 1906; and that is the sole question presented for our consideration.

I think that after the expiration of the first year the tenancy was at most one from year to year. The doctrine of Western Transportation Co. of Buffalo v. Lansing, 49 N. Y. 499, is applicable here. In that case the owner and the tenant had entered into a lease for the term of 15 years, and it was therein provided that the tenant should have the privilege of keeping and occupying the premises for such further time after the expiration of said term as the tenant might choose to elect, yielding and paying therefor the same rent and all taxes as during the 15-year term. At the expiration of the term the lessee's representatives sought to renew the lease for a further term of 15 years. The owner refused, and the Court of Appeals held that, because of the privilege given to the lessee to renew for such term as he saw fit, the term of the lease was indefinite after the expiration of the 15 years, and thereafter it created at most a tenancy from year to year. So, too, it was held in Jackson v. Bryan, 1 Johns. 322, that a lease for so long as the lessee please, creates a tenancy at the most from year to year so long as both parties please.

In the present case the lease was to extend, after the first year, for an indefinite time as the tenant might find itself pleased to elect at some time in the future. It could either quit at the end of the first year, or stay indefinitely by serving its notices before each 1st of May. The duration of the term was to be solely in the discretion of the tenant, and was to be so long as it might please. Under the cases, therefore, the tenancy was not more than one from year to year after May 1, 1904, and the tenant gained nothing by the notice it served on January 22, 1906.

The order appealed from should be reversed, and a final order of removal directed to be entered, with costs, and with costs of this appeal.