## Vokins v. McGaughey.

(Decided December 5, 1924.)

## Appeal from Madison Circuit Court.

1. Landlord and Tenant—Renewal Clause Does Not Become Part of Renewed Lease in Absence of Language Clearly Indicating Contrary Intent.—A covenant to renew a lease is satisfied by one renewal, and the renewal clause does not become a part of the renewed lease, unless the language employed clearly indicates a contrary intent.

2. Landlord and tenant—Lease Not Construed to Create Perpetual Right of Renewal Unless Language Clearly Shows that Such was Intention of Parties.—Perpetual rights to renewals of leases are not favored by the law, and a lease will not be construed to create them, unless the language employed clearly and unambiguously indicates that such was the intention of the parties, but it is competent for parties to covenant therefor.

3. Landlord and Tenant—Lease Held to Give Lessee Right to Perpetually Renew from Year to Year at Her Option.—Lease for year, giving lessee the right to renew for following year, and providing that, "on or before the end of each succeeding year," if lessee continued to occupy said premises, she was to have option of renting for the following year, held to give lessee the right to perpetually renew the lease at her option, especially in view of interpretation of lease by the parties themselves.

4. Landlord and Tenant—Doubt as to Meaning of Covenant Resolved in Favor of Interpretation Made by Parties.—Doubt as to meaning of covenant in lease for renewal will be resolved in favor of the interpretation made by the parties by their conduct.

5. Landlord and Tenant—Option to Perpetually Renew Held Based on a Sufficient Consideration.—Covenant in lease giving lessee right to renew from year to year at specified rental held not invalid for want of mutuality, in view of lessee's exercise of option and payment of such rental for twelve years; the monthly rental paid by lessee and received by lessor being a sufficient consideration to support the option.

JOHN NOLAND for appellant.

BURNAM & GREENLEAF for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The questions for determination in this case arise upon a correct construction of a written lease contract whereby the appellee, and plaintiff below, on March 28, 1911, rented and leased to appellant, and defendant below, a certain dwelling house and lot with outbuildings

located in the city of Richmond, Ky. The contract provided that the rental of $20.00 per month should be due and payable on the last day of each month after taking effect of the lease, which was on the date of the contract, and that it was "to continue in full force and effect from this date until January 1, 1912." It was then stipulated that "As a part of this contract it is further agreed that the party of the second part is to have the option on or before January 1, 1912, of leasing the aforesaid property for the year beginning January 1, 1912, and ending January 1, 1913, at the same rental, that is, twenty dollars ($20.00) per month payable on the last day of each month; and on or before January 1, 1913, party of the second part is to have the option of renting said property for the year beginning January 1, 1913, and ending January 1, 1914, at the same rental, that is, twenty dollars ($20.00) per month payable on the last day of each month; and on or before the end of each succeeding year, if party of second part continues to occupy said premises, she is to have the option of renting said premises for the following year at the rental of twenty dollars ($20.00) per month payable on the last day of each month."

The lessee occupied the premises under that contract from that time forward, and so far as this record discloses she paid the monthly rentals as the contract provided. This action was filed in the Madison circuit court on February 22, 1923, by plaintiff against defendant seeking a judgment construing the contract, as plaintiff construed it, and to cancel it as a cloud upon her title. She averred in her petition that the last clause in the above excerpt reading, "and on or before the end of each succeeding year, if party of second part continues to occupy said premises, she is to have the option of renting said premises for the following year at the rental of twenty dollars ($20.00) per month payable on the last day of each month," (1), did not provide for a perpetual lease, and (2), that if such was the proper construction of it, it was not enforceable because it was unilateral, in that it left it optionary with defendant as to whether the successive renewals provided for therein under such construction, would be made.

The defendant denied both of those contentions and averred that the last quoted clause expressly provided for perpetual renewals, and that neither it, nor any other provision in the lease, was unilateral. She also pleaded

the facts as to her prior continued occupancy of the premises since the time of her first taking possession, and urged them as constituting a construction of the terms of the lease by the parties themselves; which as she contended was, that she was given the right to perpetually renew or extend the lease at her option on or before the end of each succeeding year. A demurrer filed to her answer was sustained by the court, and she, declining to plead further, the court rendered judgment in favor of plaintiff, to reverse which this appeal is prosecuted.

It does not appear whether there was ever any written extension or renewal of the original lease from and after January 1, 1912, and we are, therefore, not informed whether defendant was occupying the premises *at the time* of the filing of the action under either a written extention or renewal, or only by continued occupancy; nor is the question presented to us as to whether mere continued occupancy by defendant after the first of each succeeding year would operate as extending to her such right, because of the customary method of dealing between the parties, even though it should be held that some form of notice and express extension or renewal was required. We will, therefore, not attempt to pass upon any of those questions and will treat the case as if defendant was rightfully occupying the premises under proper renewals or extensions at the time the action was filed.

1. It seems to be agreed by counsel for both plaintiff and defendant, and which is correct, that a covenant to renew a lease is satisfied by only one renewal, and that the renewal clause does not become a part of the renewed lease. That rule seems to be universally recognized, unless the language employed clearly indicates a contrary intent and purpose. 24 Cyc. 1000 and 1010; 35 C. J. 1016, paragraph 143; 16 R. C. L. 887, paragraph 391, and cases cited in notes to the texts. The same citations also hold that the right to perpetual renewals of leases is not forbidden by the law either upon the ground that it creates a perpetuity, or upon any other ground, and that such covenants or stipulations, when properly entered into, will be enforced. But, since such perpetual rights are not favored by the law, a lease will not be construed to create them, unless the language employed clearly and unambiguously indicates that it was the intention and

purpose of the parties to do so. 35 C. J. 1017, paragraph 144, and R. C. L., *supra*. Stating the rule, the text in the cited Corpus Juris says:

"'Perpetual leases are not favored in the law, nor are covenants for continued renewals tending to create a perpetuity, and the rule of construction became settled at an early date that a covenant for renewal or for an additional term should not be held to create a right to repeated grants in perpetuity, unless by plain and unambiguous terms the parties have expressed such intention. Nevertheless, where the intention to create a right of renewal in perpetuity is clearly and unambiguously expressed, the obligation so created is valid and enforceable."

The text in R. C. L. referred to, in stating it, says: "As a general rule, however, the courts will not construe a lease as conferring a right to perpetual renewals unless the lease clearly so provides, the courts not looking with favor upon such a claim." See also the case of Thaw v. Gaffney, 75 W. Va. 229, 83 S. E. 983, 3 A. L. R. 495. In stating the rule permitting perpetual renewals of leases, with its limitations, the court in that opinion said:

"Courts do not favor perpetual leases, and, therefore, covenants to renew are generally limited to a single renewal, unless the language is so plain as to admit of no doubt of the purpose to provide for perpetual renewal, and when thus clear the covenant is binding. 4 Kent Com. 109; 1 Taylor, Land. & T., 9th ed., sec. 334; Washb. Real Prop., 6th ed., sec. 674. 'A definite covenant for the perpetual yearly renewal of a lease is not void.' Hoff v. Royal Metal Furniture Co., 117 App. Div. 884, 103 N. Y. Supp. 371, affirmed in 189 N. Y. 555, 82 N. E. 1128."

Those authorities with but few to the contrary, state the general rule upon the subject, and we conclude that it was competent for the parties herein to enter into a lease containing covenants for perpetual renewals. That being true the next question is, whether the quoted language from the lease *plainly* and *unambiguously* provides for the right of perpetual renewals by defendant,

or whether that language is susceptible of any other reasonable construction showing a contrary intention?

We have carefully considered the provision for successive renewals contained in the involved lease, in connection with other provisions inserted therein, and we are forced to the conclusion that it was the intention of the parties to provide, and they did so provide, for the right on the part of the defendant to perpetually renew the lease from year to year at her option upon the same terms. The language employed can be given no other meaning, and the intention to so provide could not have been expressed more certainly and unequivocally. But it is contended that the language under consideration is susceptible of the construction that the parties intended to provide for only one renewal after the expiration of the second one, expressly provided for, *i. e.,* for an additional year after January 1, 1914; and that, under the rule, *supra,* the right to renew after the expiration of the year 1915 was taken away. But the language is not susceptible of that construction, since it gives the right of renewal to the lessee "on or before the end of each succeeding year for the following year," and at the same rental to be paid at the same time; thereby clearly indicating that more than one renewal was contemplated, and the right to it was given to the defendant. Neither are we authorized, even under the rule of strict construction, to apply the term, "each succeeding year," to the years covered by the periods for which express rights of renewals were given, since those words are clearly applicable to renewal years and terms following the last one expressly mentioned in the lease.

If, however, the language was less plain and certain, and it, under strict construction, could be held to not provide for a perpetual renewal, thus creating a doubt as to the intention of the parties, then we are confronted with the effect of a practical construction given to it by them for a period of nearly twelve years. The rule is that, under such circumstances the doubt will be resolved in favor of the interpretation made by the parties by their conduct, and that rule applies in covenants of this kind as well as in other cases as is shown by the text in paragraph 391 of R. C. L., *supra,* wherein it is said: "And the practical construction placed on a covenant for renewal by the parties, as evidenced by their act in granting a number of renewals, will be given great weight with

the courts, when called upon to construe the provision. as showing that it was intended to confer a right to a perpetual renewal." We, therefore, conclude that the lease here involved provided for perpetual renewals on the part of the lessee and that it is valid and enforceable.

2. Upon the second and last contention of plaintiff, but little need be said. The rule seems to be, that where an option to do a particular thing is given to one of the parties to a contract, *if supported by a sufficient consideration,* it is enforceable and it is not then lacking in mutuality, or invalid on the ground that it is unilateral, since the other party has been paid to extend that right; and we know, as a matter of current history, as is confirmed by cases constantly appearing in this court, that such contracts are upheld, and which is convincingly illustrated by the great number of mineral leases containing similar clauses, wherein such options were enforced. And so, in 6 R. C. L. 687, section 94, it is said that, "If the promisor has received a consideration, his promise is binding and may be aptly termed an obligation. . . . An option, supported by a consideration, furnishes another illustration of a contract which is valid notwithstanding the lack of mutuality." To the same effect is 13 C. J. 336, paragraph 183. The principles of the text have been adopted and applied by this court in numerous cases, among which are: Murphy, Thompson & Co. v. Reed, 125 Ky. 585, and Foreman Automobile Co. v. Morris, 198 Ky. 1. We do not deem it necessary to cite other cases from this court so holding, since we know of no dissent from the rule as above stated. The consideration here was the monthly rental which the lessor received and the lessee paid, and it was sufficient to support the option on the part of the latter to exercise her right of perpetual renewal. There was no allegation of fraud, nor was there any averment of mutual mistake, so as to authorize a reformation of the lease contract.

It, therefore, results that the court was in error in the construction given to the contract, and as a consequence it was error to render the judgment appealed from, and it is therefore reversed with directions to sustain the demurrer to the petition and for proceedings consistent with this opinion.