83 N.J. Super. 139 (1964)
199 A.2d 58
SIGMUND KALICKI AND DOROTHY KALICKI, HIS WIFE, PLAINTIFFS-RESPONDENTS,
v.
WESLEY KENNETH BELL, T/A WES SIGN SERVICE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 9, 1964.
Decided March 30, 1964.
*140 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. James M. Davis, Jr. argued the cause for appellant (Messrs. Powell & Davis, attorneys; Mr. Jan M. Schlesinger, on the brief).
Mr. Julius Robinson argued the cause for respondents.
The opinion of the court was delivered by SULLIVAN, J.A.D.
This is an action for unlawful detainer under N.J.S. 2A:39-1 et seq., and involves the construction of an option-to-renew clause of a lease. It is the tenant's (defendant-appellant herein) contention that the lease grants to him "a perpetual option" to renew the lease.
On October 3, 1958 plaintiffs' predecessor in title, as landlord, entered into an "advertising lease" with the defendant as tenant. The lease covers so much of a specified plot of ground as was necessary for the construction and maintenance *141 of an advertising sign. The lease is "for a term of one or more years * * * at a yearly rent of $15 * * * payable in equal yearly annual installments, and the Landlord grants to the Tenant an option to renew this lease for like period or periods at the same rental." The lease provides that it "shall enure to the benefit of and be binding upon the personal representatives, heirs, successors and assigns of the parties hereto."
Pursuant to the lease defendant erected an advertising sign on the property and has continued to maintain the same and has paid an annual rent of $15 in October of 1958, 1959, 1960 and 1961. Plaintiffs purchased the property in March 1962, and in April 1962 served notice on the tenant terminating the tenancy at the expiration of the current term, namely October 3, 1962. Defendant refused to recognize the legality of the termination notice and in October 1962 tendered rent for the following year and continued to maintain its sign on the property. Plaintiffs thereupon commenced the instant action for unlawful detainer.
The trial judge construed the lease to be for a term of one year and the option-to-renew clause to give the tenant a right of only one renewal. The court further held that defendant's status after the expiration of the renewal term was that of a holdover tenant which tenancy was terminated by the notice served on defendant in April 1962. Accordingly, judgment was entered in favor of plaintiffs.
The ruling by the trial court was correct. The law does not favor perpetual leases or covenants for continued renewals of a lease which tend to create a perpetuity. 51 C.J.S. Landlord and Tenant § 61, p. 606 (1947); 1 American Law of Property § 3.87 (1952). An option for renewal of a lease will not be construed as granting to the tenant the right of perpetual renewals unless the intention to create such right is clearly and unequivocally expressed in the instrument.
"* * * It is the rule that a provision in a lease in general terms for a renewal or continuance of the lease will be construed as providing for only one renewal. This rule is based on the principle that *142 the courts do not favor perpetuities, and unless the lease expressly or by clear implication provides that the second lease shall contain a covenant for future or perpetual renewals, it will be construed as providing for only a single renewal. * * *" 32 Am. Jur., Landlord and Tenant, § 968, p. 813 (1941).
Thus, it has been held that a provision in a lease "with privilege of renewals for similar periods" did not entitle the tenant to more than one renewal. Gray v. Stadler, 228 Wis. 596, 280 N.W. 675, 281 N.W. 280 (Sup. Ct. 1938). In Levy v. Amelias, 207 Misc. 880, 141 N.Y.S.2d 101 (Sup. Ct.), affirmed 1 A.D.2d 755, 148 N.Y.S.2d 921 (App. Div. 1955), it was held that "an option of a multiple renewal" was so indefinite as to be unenforceable and the tenant was limited to a single renewal. To the same effect is Geyer v. Lietzan, 230 Ind. 404, 103 N.E.2d 199, 31 A.L.R.2d 601 (Sup. Ct. 1952); "successive renewals"; McCreight v. Girardo, 205 Or. 223, 280 P.2d 408, 287 P.2d 414 (Sup. Ct. 1955), "from year to year"; cf. Feigenspan v. Popowska, 75 N.J. Eq. 342 (Ch. 1909).
The lease before us is "for a term of one or more years." All parties agree that the original term of the lease is for one year and that the phrase "or more years" manifestly refers to the option to renew. The option clause grants to the tenant "an option to renew * * * for like period or periods at the same rental." Appellant argues that the words "or periods" necessarily mean more than one renewal, i.e., indefinite in number. This, of course, is the precise difficulty with the clause. It does not call for perpetual renewals in clear and explicit terms, nor does it state how many renewals may be had. Levy, Geyer and McCreight, supra. In such situation we hold that the tenant had a right to only one renewal. Thereafter his status was that of a holdover tenant.
The tenant argues that the court must recognize the construction placed upon the clause by the parties to the lease through their actions. This, of course, is a circumstance to be considered. However, the maintenance of the sign on the property from 1958 through 1961, and the payment of rent, *143 without more, is not significant. Every holdover tenant has the consent of his landlord to the holding over.
It is also contended that two other clauses in the lease providing for termination thereof by either the tenant or landlord under certain circumstances indicate the perpetual nature of the lease. Suffice it to note that these clauses refer to termination during a term of the lease with an adjustment of the prepaid rent.
Affirmed.